Alec Karakatsanis (*pro hac vice* application forthcoming)
(DC Bar No. 999294)
Olevia Boykin
(TX Bar No. 24105518)
Alexandria Twinem (*pro hac vice* application forthcoming)
(DC Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
alec@civilrightscorps.org
olevia@civilrightscorps.org
alexandria@civilrightscorps.org
(202) 670-4809

Adam Mueller
David Kaplan
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
amueller@hmflaw.com
dkaplan@hmflaw.com
(303) 831-7364

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2585

KENNETH GLAD,

    Petitioner,

v.

BILL ELDER, in his official capacity as EL PASO COUNTY SHERIFF,

    Respondent.

---

**EMERGENCY MOTION FOR EXPEDITED CONSIDERATION / TEMPORARY RESTRAINING ORDER**

---

Petitioner Kenneth Glad moves this Court to adjudicate his Petition for a Writ of Habeas Corpus as soon as practicable. Mr. Glad is currently detained in the El Paso County Detention

Center because he cannot meet the monetary conditions of his release. He has not been convicted of a crime. He is presumed innocent, and the Constitution permits the State to detain him only to reasonably assure his presence at trial and to protect the public from an immitigable and serious risk of harm, and only upon procedurally rigorous findings that his release poses one of those risks. No court has made such a finding. Accordingly, his continued detention is unlawful and in need of emergent review by this Court.

Applications for temporary restraining orders ("TRO") are governed by the same standards as motions for preliminary injunctions. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). The moving party must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that the public interest is served by an injunction. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). "The party seeking the injunction carries the burden of persuasion to demonstrate, 'by a clear showing,' that the necessary elements are satisfied." *Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 392 (S.D.N.Y. 2011).

Each of these conditions are present here. Pretrial incarceration works irreparable harm on those detained. It "is harsh and oppressive, subjects defendants to economical and psychological hardship, interferes with their ability to defend themselves, and in many instances, deprives their families of support." ABA Standards for Crim. Just.: Pretrial Release 10-1.1, https://www.americanbar.org/groups/criminal_justice/publications/criminal_justice_section_archive/crimjust_standards_pretrialrelease_blk/. As the United States Supreme Court has explained, pretrial incarceration

> has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no rehabilitative

>programs. The time spent in jail is simply dead time. Moreover if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent.

*Barker v. Wingo*, 407 U.S. 524, 532–33 (1972). And empirical evidence establishes that those detained pretrial suffer worse outcomes at trial and sentencing than those released pretrial, even when charged with the same offenses.[1] Those detained pretrial are more likely to plead guilty just to shorten their jail time, even if innocent. *See, e.g.*, *ODonnell v. Harris County*, 251 F. Supp. 3d 1052, 1105–08 (S.D. Tex. 2017) (discussing extensive evidence that detained misdemeanor defendants are more likely to plead guilty and "abandon valid defenses" than those released pretrial "to obtain faster release than if they contested their charges"), *aff'd in relevant part* 892 F.3d 147 (5th Cir. 2018).

For these reasons, the Supreme Court has explained, claims alleging illegal pretrial detention must be adjudicated promptly: Because a "claim to pretrial bail [is] moot" upon either acquittal or conviction, *Murphy v. Hunt*, 455 U.S. 478, 481 (1982), "[r]elief in this type of case must be speedy if it is to be effective," *Stack v. Boyle*, 342 U.S. 1, 4 (1951); *accord id.* at 12 (Jackson, J., concurring) ("[U]nless it can be reviewed before sentence, it never can be reviewed at all."). And the writ of habeas corpus is meant to be a "*swift* and imperative remedy," *Braden v.*

---

[1] *See, e.g.*, Christopher T. Lowenkamp et al., Laura and John Arnold Foundation, *Investigating the Impact of Pretrial Detention on Sentencing Outcomes* 4 (November 2013), https://craftmediabucket.s3.amazonaws.com/uploads/PDFs/LJAF_Report_state-sentencing_FNL.pdf (those detained for the entire pretrial period are more likely to be sentenced to jail and prison—and receive longer sentences—than those who are released at some point before trial or case disposition); Megan Stevenson, *Distortion of Justice: How the Inability to Pay Bail Affects Case Outcomes* 18 (Jan. 8, 2017), https://goo.gl/riaoKD (finding that a person who is detained pretrial is 13% more likely to be convicted and 18% more likely to plead guilty than a person who is not detained); Arpit Gupta et al., *The Heavy Costs of High Bail: Evidence from Judge Randomization* 15 (Aug. 18, 2016), https://goo.gl/OW5OzL (finding a 12 percent increase in the likelihood of conviction using the same data).

*30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (emphasis added), because unconstitutional detention works irreparable harm, *ODonnell*, 251 F. Supp. 3d at 1168 (finding irreparable harm where plaintiffs were detained because they could not pay money bail).

The need for immediate action is even greater given the COVID-19 pandemic. This novel, highly contagious, and deadly virus has no cure, no vaccine and thousands of unknown, asymptomatic carriers. Federally recommended precautions include "social distancing"—isolating oneself from other people as much as possible to contain the spread—as well as frequent hand-washing, alcohol-based hand sanitizers, and frequent cleaning and disinfecting of surfaces touched by any person.  Yet it is virtually impossible to engage in these basic preventive measures in a county jail. Thus, in a public health emergency such as this, Mr. Glad's release *enhances* safety, both for him and for the public.

Mr. Glad lives in and has ties Colorado. He has a job he could return to if released, and his parents and roommate will provide Mr. Glad with support and a place to stay.  He has spent the last six months in a jail cell notwithstanding an order of release, and his trial is currently scheduled for December 2020. As explained in his memorandum in support of his habeas petition, *see* Doc. 2, Mr. Glad's legal claims are not controversial. He is likely to succeed on the merits. Each day he spends in jail constitutes irreparable harm and undermines public health and safety; a temporary restraining order is in the interest of the public. Mr. Glad therefore respectfully requests that this Court grant a temporary restraining order requiring his immediate release, set an expedited briefing schedule and adjudicate his petition for a writ of habeas corpus on an emergency basis.

Respectfully submitted this 25th day of August, 2020,

                      /s/Adam Mueller  
                      Adam Mueller  
                      David Kaplan  
                      Haddon, Morgan and Foreman, P.C.

        150 East 10th Avenue
        Denver, Colorado 80203
        amueller@hmflaw.com
        dkaplan@hmflaw.com
        (303) 831-7364

        Alec Karakatsanis (*pro hac vice* application forthcoming)
        (DC Bar No. 999294)
        Olevia Boykin
        (TX Bar No. 24105518)
        Alexandria Twinem (*pro hac vice* application forthcoming)
        (DC Bar No. 1644851)
        Civil Rights Corps
        1601 Connecticut Ave. NW, Suite 800
        Washington, DC 20009
        alec@civilrightscorps.org
        olevia@civilrightscorps.org
        alexandria@civilrightscorps.org
        (202) 670-4809

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. The foregoing was served via email on Bryan Schmid, El Paso County Attorney's Office, at BryanSchmid@elpasoco.com.

        <u>/s/Adam Mueller</u>
        Adam Mueller
        David Kaplan
        Haddon, Morgan and Foreman, P.C.