IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-02585-GPG

KENNETH GLAD,

    Petitioner,

v.

BILL ELDER, In his Official Capacity as El Paso County Sheriff,

    Respondent.

## ORDER DENYING EMERGENCY MOTION

    Petitioner Kenneth Glad is detained at the El Paso County Jail in Colorado Springs, Colorado. Petitioner, through counsel, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, and an Emergency Motion for Expedited Consideration/Temporary Restraining Order, ECF No. 2. Petitioner has paid the $5 filing fee.

    For the reasons stated below, the Court denies the Emergency Motion.

    Petitioner requests release from his detention at the El Paso County Jail. He asserts that he has been detained at the Jail for the past six months because he is not able to pay the $300,000 bail. Petitioner further asserts that he has not been convicted, he is pending a December trial, and he is presumed innocent. He further contends that the Constitution permits the State to detain him only to reasonably assure his presence at trial and to protect the public, but he does not pose either risk. He also

1

contends that COVID poses a general risk at a county jail because preventive measures are virtually impossible to engage in to contain the spread.

The requirements for the issuance of a temporary restraining order are like those for the issuance of a preliminary injunction.   Injunctive relief is considered an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal right" in order to have a request granted.   *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250 (10th Cir. 2003).

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal.   *See, e.g., Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).   To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest.   *See, e.g., Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that it could recover at the conclusion of a full trial on the merits, the Tenth Circuit has held the movant must meet a heightened burden. *See O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (*en banc*).   Under those circumstances, the proposed injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" and "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."   *Id.*

Here, Petitioner seeks an injunction mandating his relief, which would require an affirmative act by Respondents.   Therefore, Petitioner must meet the heightened burden, including a "strong showing" of likelihood of success on the merits.   *See id.* Petitioner has not made that showing.

In this case, Petitioner fails to demonstrate, clearly and unequivocally, that he is entitled to a temporary restraining order.   Petitioner does not set forth "emergent" claims that the bail owed or the possibility of contracting COVID issues are supportive of "exceptional circumstances setting his case apart" and that he should be released pending outcome of habeas relief.   Petitioner's claims are insufficient to meet the heightened burden to show a strong likelihood of success on the merits.   For the above stated reasons, the Emergency Motion, ECF No. 2, will be denied.   Accordingly, it is

ORDERED that the Emergency Motion for Expedited Consideration/Temporary Restraining Order, ECF No. 2, is DENIED.

DATED at Denver, Colorado, this  1st  day of    September   , 2020.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court