## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02585-GPG

KENNETH GLAD,

      Petitioner,

v.

BILL ELDER, In his Official Capacity as El Paso County Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## UNOPPOSED MOTION TO DISMISS
## ATTORNEY GENERAL AS A RESPONDENT

---

Respondent Attorney General of the State of Colorado respectfully requests to be dismissed as a named respondent in this case, and to be relieved of the Court's order to file a preliminary response, and in support more fully states:

1.    This is a habeas corpus proceeding under 28 U.S.C. § 2241. ECF No. 1 at 1.

2.     Petitioner is a pretrial detainee in the El Paso County jail as a
       result of a state criminal proceeding in which he stands charged
       with kidnapping and sexual assault. *Id.* at 1; ECF No. 1-2 at 1-3.

3.     Petitioner here challenges his custody as unlawful. ECF No. 1 at
       2. He argues that "he is indigent and the trial court required a
       financial condition of release that he cannot afford," which, he
       contends, "imposed a de facto order of detention without the
       procedural protections, legal standards, and substantive findings
       that must accompany such an order under the Equal Protection
       and Due Process Clauses of the Fourteenth Amendment to the
       United States Constitution." *Id.*

4.     Petitioner named El Paso County Sheriff Bill Elder as the
       respondent in the instant action. *Id.* at 1. The Court added the
       Attorney General of Colorado as an additional respondent, and
       directed only the Attorney General to address whether certain
       procedural defenses would be asserted. ECF No. 7 at 1 & n.1. The
       Court later noted in an order that the Attorney General was
       added because the custody Petitioner challenges arises from a

2

criminal case brought by the state of Colorado, not El Paso County, and in past cases sheriffs have declined to respond to cases like this one, which challenges pretrial detention under § 2241. ECF No. 10.

5. Due to the allocation of legal representation under Colorado law, however, Respondent Attorney General requests to be dismissed as a respondent in this case and to be relieved of the Court's order to file a preliminary response, and requests that the Court instead allow the El Paso County Attorney's Office to respond on Sheriff Elder's behalf.

6. In most habeas corpus cases, a state's attorney general is indeed the proper respondent, and is thus properly added as such. For example, Rule 2(b) of the Rules Governing Section 2254 Cases specifies that when a habeas petitioner is subject only to future custody under a state court judgment being challenged, the petitioner must name as respondents both (1) any officer who has current custody, and (2) the state's attorney general. And the advisory committee's notes to that rule provide that when it is

3

unclear who should be named as the respondent in a § 2254 case, the state's attorney general should be named because "the habeas corpus action will usually be defended by the attorney general," the attorney general "is in the best position to inform the court as to who the proper party respondent is," and "[i]f it is not the attorney general, he can move for a substitution of party."

7. However, the Supreme Court has held that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *Accord* Brian R. Means, Postconviction Remedies, § 12:4.

8. The instant action is a § 2241 case challenging Petitioner's present physical confinement as a pretrial detainee in the El Paso County Jail. *See* ECF No. 1 at 1-2. In Colorado, the sheriffs are the custodians of jail inmates. Colo. Rev. Stat. § 30-10-511 (2020) ("[T]he sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them

4

himself or herself or through a deputy or jailer."). Accordingly, the proper respondent in this case is El Paso County Sheriff Bill Elder. As noted, Sheriff Elder is already a named respondent in this action.

9.    Furthermore, under Colorado law it is the county attorneys who serve as legal representatives of the county sheriffs. *See, e.g., Peterson v. Arapahoe Cty. Sheriff*, 72 P.3d 440, 442 (Colo. App. 2003) (reflecting county attorney's representation of sheriff). By contrast, the Colorado Attorney General may only represent state officials and entities. Colo. Rev. Stat. § 24-31-101 (2020). These include employees of the Colorado Department of Corrections, who are the custodians and properly named respondents in the more common habeas corpus cases challenging, under 28 U.S.C. § 2241, a petitioner's conditions of confinement in prison; or, under 28 U.S.C. § 2254, a petitioner's custody in prison resulting from a state court judgment. Respondent Attorney General cannot represent Sheriff Elder. Sheriff Elder must be represented by the El Paso County Attorney.

5

10.   On October 7, 2020, Senior Assistant County Attorney Bryan
      Schmid, with the El Paso County Attorney's Office, entered his
      appearance as counsel for Sheriff Elder. ECF No. 14. Mr. Schmid
      agrees Sheriff Elder is a properly named respondent. ECF No. 9 at
      1-2. Undersigned counsel has also conferred with Mr. Schmid, and
      Mr. Schmid confirms he is prepared to defend the case on Sheriff
      Elder's behalf.

11.   In light of the above, Respondent Attorney General requests to be
      dismissed as a respondent in this case and requests to be relieved
      of the Court's order to file a preliminary response.

12.   Undersigned counsel has communicated with Senior Assistant
      County Attorney Bryan Schmid and with Adam Mueller, counsel
      for Petitioner, and they have indicated that they do not oppose the
      instant motion.

      WHEREFORE, Respondent Attorney General respectfully moves
to be dismissed as a named respondent and to be relieved of the Court's
order directing the Attorney General to file a preliminary response.

6

Respectfully submitted,

PHILIP J. WEISER
Attorney General


s/ Ryan A. Crane
RYAN A. CRANE*
Senior Assistant Attorney General
Criminal Appeals Section
Attorneys for Respondents
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 9th Floor
Denver, Colorado  80203
Telephone:  (720) 508-6000
E-Mail:  ryan.crane@coag.gov
*Counsel of Record

7

## CERTIFICATE OF SERVICE

I certify that the electronic filing of the instant document will cause a copy to be served upon counsel for all parties to this action at the email addresses counsel have registered with the Court's CM/ECF system.

s/ Ryan A. Crane