**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2585

KENNETH GLAD,

Petitioner,

v.

BILL ELDER, in his official capacity as EL PASO COUNTY SHERIFF,

Respondent.

---

**RESPONDENT SHERIFF BILL ELDER'S COMBINED RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND EMERGENCY MOTION FOR EXPEDITED CONSIDERATION/TEMPORARY RESTRAINING ORDER**

---

Respondent, El Paso County Sheriff Bill Elder ("Sheriff Elder" or "Sheriff"), by and through his attorneys El Paso County Attorney's Office, hereby submits this Combined Response to Mr. Glad's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 and Emergency Motion for Expedited Consideration/Temporary Restraining Order and as grounds in support thereof states as follows:

### I. Introduction

Kenneth Glad ("Mr. Glad") is currently incarcerated at the El Paso County Justice Center ("EPCJC"), 2739 East Las Vegas Street, Colorado Springs, Colorado 80906. Mr. Glad was arrested on February 24, 2020 and jailed on charges of first degree kidnapping, C.R.S. §18-3-301(1)(a), (2); second degree kidnapping C.R.S. §18-3-302(1), (3); sexual assault, C.R.S. §18-3-402(1)(a), (5); and C.R.S. §18-3-402(1)(a), (4). On February 25, 2020, the prosecutor requested an elevated bond and the court set Mr. Glad's bond at $300,000. Mr. Glad's jury trial is currently

scheduled for February 1, 2021 after having been moved from December 7, 2020 due to the COVID-19 pandemic.

Mr. Glad asks this Court to intervene in state court proceedings because he is dissatisfied with his bond conditions and, like the vast majority of similarly situated felony defendants, is incarcerated while awaiting trial. Although Sheriff Elder had no role in Mr. Glad's arrest or investigation into his underlying charges (Mr. Glad was arrested by the Colorado Springs Police Department ("CSPD")), Mr. Glad's petition and accompanying brief is directed at Sheriff Elder because Mr. Glad is incarcerated at the El Paso County Jail.  As a result, Sheriff Elder takes a limited position in this matter and defers argument regarding the constitutionality of Mr. Glad's bond conditions to the 4th Judicial District Attorney's Office.  However, Sheriff Elder maintains the petition should be denied pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) *quoting Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943) ("'It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith * * *.'"). For the same reasons, Sheriff Elder believes that Mr. Glad is not entitled to the Temporary Restraining Order ("TRO") he seeks.

## II.      Procedural Background

1. On February 25, 2020, following Mr. Glad's arrest on the above stated charges, bond was set for Mr. Glad in the amount of $300,000.
2. On April 13, 2020, Mr. Glad filed a Motion for Bond Modification ("Modification Motion") in which he moved "for an emergency modification of bond under section16-4-109 in order to help prevent a public health outbreak of novel coronavirus, COVID-19 in our local jail and community" and also made several of the same arguments Mr. Glad makes to this Court. *See* ECF #1-1. Mr. Glad requested that his bond be reduced from

        $300,000, which he claims he has no ability to post, to $25,000 which he asserts would allow him to be able to bond out and return to the community pending his trial date. *Id.*

3. On April 14, 2020, the People responded to Mr. Glad's Modification Motion ("Modification Response") and argued that the $300,000 bond was appropriate given the defendant's previous criminal history, the seriousness of the charges and potential life sentence he faced, defendant's lack of ties to the community and the greater need to protect society from defendant than defendant from an illness that does not present a high risk to a person of his age and physical condition. *See* ECF #1-2.

4. On April 14, 2020, Mr. Glad replied to the Modification Response filed by the People and essentially argued that it is not fair to retain the $300,000 bond for Mr. Glad because he is not a celebrity and because he cannot afford to post the bond it amounts to "an unconstitutional no-bond hold under the guise of unattainable monetary bond." ECF #1-3.

5. On April 16, 2020 a bond modification hearing was held before The Honorable Erin Sokol, District Court Judge of the El Paso County Combined Court. In its ruling, the Court noted that it had read the "large stack of writing" in detail, considered each and every statutory guideline set forth in the bond statutes, heard the argument of counsel and considered the extreme risk to public safety Mr. Glad could present and denied the Modification Motion. ECF #1-4.

6. On July 17, 2020, Mr. Glad filed a Petition for Review of District Court's Bail Decision Filed Pursuant to C.R.S. §16-4-204 with the Colorado Court of Appeals in which he raised similar arguments to those raised in the Modification Motion regarding his perceived unconstitutional bond. The people did not respond to Mr. Glad's Petition for Review and on July 31, 2020, the Court of Appeals dismissed the petition.

7. On August 16, 2020, Mr. Glad filed a Petition for Relief Pursuant to C.A.R. 21 with the Colorado Supreme Court requesting the Court issue a Writ of Mandamus ordering the El Paso County District Court to reduce the amount of Mr. Glad's bond to $25,000. On August 18, 2020, following its consideration of Mr. Glad's fifty-one page Petition, the Court denied the Petition.

8. On August 25, 2020, Mr. Glad filed with this Court an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Application for Writ"), to remedy his unconstitutional pretrial detention in the EPCJC (Doc. #1); an Emergency Motion for Expedited Consideration / Temporary Restraining Order ("Motion for TRO") requesting this Court issue a Temporary Restraining Order requiring the immediate release of Mr. Glad (Doc. #2); and Memorandum of Law in Support of Petition for Habeas Corpus ("Memo of Law").

9. Respondent, Sheriff Elder, responds jointly to the Application for Writ and the Motion for TRO through this Response and files separately his Response to the Memo of Law.

### III.   Standard of Review

"An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 'is an attack by a person in custody upon the legality of that custody, and …the traditional function of the writ is to secure release from illegal custody." *Ramirez v. Goetz*, No. 17-cv01707-NYW, 2018 WL 526908, at*2 (D. Colo. Jan. 24, 2018) quoting *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997). Such relief is only warranted if the applicant is in custody in violation of the Constitution or laws or treaties of the United States." *Ramirez*, 2018 WL 526908 at *2 quoting 28 U.S.C. § 2241(c)(3).

## IV.     ARGUMENT

### A.     Mr. Glad is Not Entitled to a Temporary Restraining Order Requiring His Immediate Release and Adjudicating His Petition for a Writ of Habeas Corpus on an Emergent Basis.

Here, Mr. Glad seeks his habeas petition in the context of a TRO hearing. The requirements for issuing a TRO mirror the requirements for issuing a preliminary injunction." *Briscoe v. Sebelius*, 927 F.Supp.2d 1109, 1114 (D. Colo. 2013). These requirements under FED. R. CIV. P. 65 include that the moving party must establish: (1) irreparable injury unless the injunction issues; (2) the threatened injury outweighs any damage the requested injunction may cause the opposing party; (3) the injunction would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *Resolution Tr. Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). "It is the movant's burden to establish that each of these factors tips in his or her favor." *Heideman*, 348 F.3d at 1188-89. "It is well settled that a preliminary injunction is an extraordinary remedy, and that it should not be issued unless the movant's right to relief is clear and unequivocal." *Id.* at 1188 (internal quotations and citations omitted).

Additionally, "[c]ertain types of TROs are disfavored and require[ ] a heightened standard of proof. The three types of disfavored TROs are those that (1) disturb the status quo; (2) are mandatory as opposed to prohibitory; or (3) provide the movant substantially all the relief he may recover after a full trial on the merits. In these three situations, the movant must show that the four factors used in determining whether to issue a TRO '*weigh heavily and compellingly in* [*his*] *favor*….'" *Briscoe,* 927 F.Supp.2d at 1114 (citations omitted) (*emphasis* added). Here, the heightened standard applies because the relief sought by Mr. Glad would disturb the status quo and would provide him all the relief he might recover after a trial on the merits.

### 1.  This Court does not have Jurisdiction because Mr. Glad Cannot Meet His Burden to Overcome the Presumption of abstention under *Younger v. Harris*.

Under the *Younger* abstention doctrine, federal courts cannot interfere with the ongoing state of criminal proceedings and must abstain from existing jurisdiction absent exceptional circumstances. *Winn v. Cook*, 945 F.3d 1253, 1257 (10th Cir. 2019). "Before a federal court abstains, it must determine that: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) citing *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

Here, the state proceedings are clearly still ongoing as Mr. Glad is incarcerated in the EPCJC awaiting his criminal trial.[1] These proceedings implicate important state interests because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Carillo v. Wilson*, No. 12-cv-03003-BNB, 2013 WL 1129428, at *4 (D. Colo. Mar. 18, 2003) quoting *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Not only are "state criminal proceedings [ ] viewed as a traditional area of concern" (*Winn*, 945 F.3d at 1258 (internal quotations omitted)), but "the state has an important interest in the administration of its Criminal Code." *Asselin v. Boulder Cty. Sheriff*, No. 16-cv-00144-GPG, 2016 WL 1321701, at *3 (D. Colo. Apr. 5, 2016). Lastly, the state proceedings afford an adequate opportunity to present the federal constitutional challenges because Mr. Glad's counsel argued his bail conditions multiple times to the state district court and availed himself of an expedited appellate procedure to challenge

---

[1] Mr. Glad's El Paso County District Court case is scheduled to have a "Review with Appearance of Parties on November 20, 2020; a Motions Hearing on December 17, 2020; a Pre-Trial Readiness Conference on January 20, 2021 and a Jury Trial on February 1, 2021.

excessive bail bonds. "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Winn*, 945 F.3d at 1258 (emphasis in original). The Colorado state courts provide a more than adequate forum for relief. That Mr. Glad is unhappy with his repeated unsuccessful attempts to be released from the El Paso County Jail is not a sufficient basis to allow this Court to exercise jurisdiction.

Additionally, Mr. Glad cannot establish any of the exceptions to *Younger* that would allow this Court to exercise jurisdiction. Where, as here, *Younger's* three requirements are met, "abstention is mandatory unless one of the three exceptions applies: the prosecution was '(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate.'" *Winn*, 945 F.3d at 1258-1259 quoting *Phelps*, 59 F.3d at 1063-64. Notably, "[t]he exceptions to *Younger* provide a very narrow gate for federal intervention." *Wilson v. Morrisey*, No. 12-cv-02999-BNB, 2013 WL 791444, at *2 (D. Colo. Mar. 4, 2013), *aff'd* 527 F.App'x 742 (10th Cir. 2013) (internal quotations and citations omitted). Mr. Glad does not make any argument regarding the second exception – that his prosecution is based on an unconstitutional statute.[2] However, his brief contains arguments that the prosecution is biased against him and that the current COVID-19 pandemic is an extraordinary circumstance that will lead to irreparable injury. For the reasons outlined below, these arguments fail to establish these exceptions to the mandatory *Younger* abstention, warranting dismissal of the Petition.

        a.    *Mr. Glad Cannot Show the Prosecution was Brought in Bad Faith or to Harass and therefore Fails to Establish this Exception to Younger.*

---

[2] This exception requires a showing that the statute is "flagrantly and violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Wilson*, 2013 WL 791444, at *4 quoting *Younger*, 401 U.S. at 53-54.

Courts consider three factors in determining whether a prosecution has been initiated in bad faith or to harass: "(1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Phelps*, 122 F.3d at 889. "It is plaintiff's *heavy burden* to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* (internal quotations and citations omitted) (*emphasis* added).

Here, Mr. Glad has not met this heavy burden. He does not argue that the prosecution is frivolous or that Mr. Glad is a member of a suspect class, much less that the prosecution is motivated by his suspect class, or that the prosecution is harassing due to oppressive use of multiple prosecutions. During argument on the Bond Reduction Motion, Judge Sokol found that:

> It is truly impossible for me to imagine many cases that would exceed the public safety concerns that are presented by this particular case, and I think this is exactly the kind of case that the Chief Justice Coats is talking about with respect to bond arguments. I also, again, just reject the argument that either someone should have a no bond hold or be released on a bond that they can afford. That is not what our legislation has set out to accomplish and it's not for me to test that legislation or to disagree with the legislation.

ECF. #1-4, p. 8, l. 1-9.

There is simply nothing in the record provided by Petitioner which could be construed as allegations of bad faith or harassment much less, something "more than mere allegations of bad faith or harassment." *Id*.

      b.    *The COVID-19 pandemic does not rise to an extraordinary circumstance creating the threat of irreparable injury directly to Mr. Glad.*

In his motion for expedited consideration and TRO (ECF. #2), Mr. Glad argues that in light of the COVID-19 pandemic, jails should be empty of pretrial detainees. Presumably, Mr. Glad will claim this Court has jurisdiction because his claimed unconstitutional bail conditions combined with the COVID-19 pandemic threatens irreparable injury. However, the El Paso County Jail has currently implemented all the CDC and BOP precautions and is actively working towards keeping each and every inmate incarcerated there safe from the coronavirus. Mr. Glad makes the outrageous and wholly unsupported statement that "in a public health emergency such as this, Mr. Glad's release *enhances* safety, both for him **and for the public**." (*Emphasis* in original, **emphasis** added). However, Mr. Glad makes no argument and presents no facts showing how he would be safer outside the jail or how the public would be safer with him on the outside considering the current pandemic.

Moreover, if every pretrial detainee who was dissatisfied with his bail bond conditions and unsuccessfully appealed those conditions could seek federal review on the merits of those bail bond conditions, this exception to the *Younger* abstention doctrine would swallow the rule that "federal courts, except in the *most exceptional circumstances*, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings." *Phelps*, 122 F.3d at 889 (emphasis added). *See also Winn*, 945 F.3d at 1259 ("If there is no injury 'other than that incidental to every criminal proceeding brought lawfully and in good faith,' there is no irreparable injury.") (citations omitted).

Here, Mr. Glad's circumstance as an incarcerated pretrial detainee is not an exceptional one creating irreparable injury. *See, e.g., Moreno v. Colorado*, No. 18-cv-01470-GPG, 2018 WL 10436296, at *3-4 (D. Colo. June 18, 2018) (concluding *Younger* abstention

precluded consideration of pretrial habeas petition that alleged a series of constitutional harms including bail bond determinations and finding plaintiff had not shown any irreparable injury from the state court criminal prosecution). Moreover, the State has already provided Mr. Glad with more-than-adequate process and a failure to prevail in his multiple state court hearings and appeals alone is insufficient to satisfy the irreparable harm requirement. *Winn*, 945 F.3d at 1259 ("[H]aving to endure a state criminal trial [is] not an immediate irreparable injury warranting federal relief.").

Nor does Mr. Glad's incarceration during a pandemic elevate his petition to an extraordinary circumstance creating the threat of irreparable injury. Preliminarily, Mr. Glad makes generalized claims regarding the challenges that jails face in light of the pandemic but has failed to make any particularized showing he will be subjected to irreparable injury. This is especially important as it is Mr. Glad's burden to show a specific risk to himself. Mr. Glad has not alleged that he is particularly at risk nor has he alleged the conditions at the El Paso County Jail specifically fall short of what is necessary to meet security needs while also ensuring the safety of inmates and staff.[3]

---

[3] 10th Circuit and Colorado District Courts are rejecting inmates' attempts to be released from incarceration due to the COVID-19 pandemic. *See, e.g., United States v. Iqbal*, 2020 WL 5912526 at *4 (D. Colo. Oct. 6, 2020 (Many courts have denied prisoners' motions for compassionate release even when there are significant numbers of active COVID-19 cases at their facilities and even when the prisoners have serious pre-existing medical conditions (citations omitted); *United States v. Williams*, 2020 WL 3316004, at *2 (D. Colo. June 18, 2020) (The Court is also unable to conclude that the current presence of the coronavirus at FCI Elkton is itself an extraordinary and compelling reason under the statute cited to reduce Defendant's sentence to time served; *United States v. Rodarmel*, 2020 WL 2840059, at *2 (D. Kan. June 1, 2020) ("[T]he mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.")); *United States v. Banks*, 2020 WL 1450549, at *1 (D. Neb. Mar. 25, 2020) ("I am not convinced the COVID-19 pandemic is a 'material change of circumstances' warranting a renewed evaluation of my prior detention order.").

### 2. Because this Court lacks jurisdiction under *Younger*, Mr. Glad's request for a TRO should be denied.

"It would be illogical for a federal court to preliminarily enjoin a state court proceeding when it is required to abstain from reviewing the state court proceeding altogether." *Phelps*, 122 F.3d at 891. Because this Court is required to abstain from intervening in Mr. Glad's state court proceedings, it should deny the TRO on that basis alone.

Even if this Court is inclined to consider the factors Mr. Glad must establish to be entitled to a TRO, he cannot do so. Mr. Glad must establish that the TRO factors "weigh heavily and compellingly in [his] favor ...." *Briscoe*, 927 F.Supp.2d at 1114 (citations omitted).

As discussed above, Mr. Glad cannot establish that he will suffer irreparable injury unless the injunction issues as he has failed to show he faces any unique or heightened risk of obtaining COVID-19 and his claim that being forced to remain in jail due to a high bond on significant felony charges is the same argument that could apply to any felony defendant who receives a high bond following a finding by a state court that the defendant presents a threat to the community. These generalized harms are not unique or sufficient to demonstrate irreparable harm. Although COVID-19 presents new challenges for jails across the country, that is not a basis to empty jails of all detainees.

Regarding the remaining factors for the TRO, the Sheriff defers to the El Paso County District Court Judge Sokol's determination that:

> The Supreme Court of Colorado, Justice Coats - he's the Chief Justice - has issued an opinion or a memorandum regarding the COVID-19 pandemic and these sorts of issues. With respect to bond, he has said that the Courts of various counties and districts of the state continue to work toward reducing the populations of our jails, which is a high-risk environment for spreading the virus. There remains a clear need to detain some criminal defendants in the interest of public safety and therefore, jail populations cannot be reduced indiscriminately. This is a case of momentous proportions with respect to public safety. In fact, it's difficult to really imagine

> a case with more public safety implications. (ECF. #1-4, p. 6, ln. 17 through p. 7, ln. 3.)
>
> …I also, again, just reject the argument that either someone should have a no bond hold or be released on a bond that they can afford. That is not what our legislation has set out to accomplish and it's not for me to test that legislation or to disagree with the legislation. It is what it is. I am Ordered to follow the law. (ECF. #1-4, p. 8, lns. 5-10.)

It is the Sheriff's position that, per Judge Sokol, the potential harm from the COVID-19 pandemic is insufficient to overcome the need to detain Mr. Glad in the interest of public safety unless he can meet the $300,000 bond requirement. And that the issue of whether Mr. Glad should receive either a non-bond hold or an affordable bond is an issue for the Colorado legislature and not the Courts. Therefore Mr. Glad's Application for Habeas Corpus and for a TRO should be denied by this Court.

### 3. Mr. Glad's Bond Conditions are Constitutional.

Petitioner claims his state court bond is unconstitutionally high and requests this Court step in and overrule the numerous other state judicial officer rulings finding bond appropriate and denying adjustments to the bond. He does so without articulating the factors the state courts considered in setting the bond in the first instance. As Judge Sokol pointed out during the April 16, 2020 Hearing on Bond, Petitioner is a high risk based on the charges brought against him (noting that the victim "only got away because she jumped out of the vehicle going at least 40 miles per hour" and that "[I]t's a shocker that she is alive today given the allegations'); his prior conviction of unlawful sexual activity with a minor; and another pending indecent exposure case in which the facts were eerily similar to the present case.

The state of Colorado has a compelling interest in enforcing its criminal laws. *People v. Allee*, 740 P.2d 1, 9 (Colo.1987). That interest includes ensuring that a defendant on bond will appear at the time and place required to answer to the criminal charge. *Moreno v. People*, 775 P.2d 1184, 1185

(Colo.1989). State appellate courts review imposition of bond conditions for an abuse of discretion and appellate courts shall not reverse a trial court's decision regarding the amount of bond or the bond conditions unless the trial court abused its discretion. *People v. Fallis*, 353 P.3d 934, 935 (Colo. App. 2015) citing *Balltrip v. People*, 157 Colo. 108, 113, 401 P.2d 259, 262 (1965); *Martell v. Cnty. Court*, 854 P.2d 1327, 1331–32 (Colo.App.1992). In assessing whether a trial court's decision is manifestly unreasonable, arbitrary, or unfair, state appellate courts ask not if they would have reached a different result but, rather, whether the trial court's decision fell within a range of reasonable options. *Id*.

Among other things, the state trial court should consider numerous provisions when assessing bond. *See* sec. 16-4-103(5), C.R.S. (2019) (listing relevant factors). Federal law has similar provisions. *See* 18 U.S.C.A. § 3142(g). When setting bond, trial court must properly consider both community safety and the financial condition of the defendant. "The type of bond and conditions of release shall be sufficient to reasonably ensure the appearance of the person as required and to protect the safety of any person or the community, taking into consideration the individual characteristics of each person in custody, including the person's financial condition." Section 16-4-103(3)(a), C.R.S. (2019). The Court "may" also consider a list of other factors, including, among other things, a defendant's character, reputation, prior criminal record, likely sentence, considering the nature of the offense, prior failures to appear for court, and "[a]ny facts indicating that the defendant is likely to intimidate or harass possible witnesses." Section 16-4-103(5), C.R.S. (2019). Ultimately, the trial court must impose bond conditions that are sufficient to ensure the defendant's appearance at future court dates and "to protect the safety of any person or the community." Section 16-4-103(3)(a), C.R.S. (2019).

Petitioner complains throughout his filing that the bond conditions are oppressive and unconstitutional because of the amount. This is not the case. The United States Constitution and the Colorado Constitution both prohibit excessive bail but recognize that monetary bail is constitutionally permissible, and that bail need not be a matter of right in every case. U.S. Const. Amend. VIII (Eighth

Amendment); Colo. Const., art. II, s 19. See *Carlson v. Landon*, 342 U.S. 524, (1952); *Shanks v. District Court*, 153 Colo. 332, 385 P.2d 990 (1963); *In re Losasso*, 15 Colo. 163, 24 P. 1080 (1890). The right to bail does not amount to a guarantee that every defendant who is charged with a crime will be released without bail if he is indigent. See *Bandy v. United States*, 81 S.Ct. 197 (1960). The Eighth Amendment and its Colorado equivalent prohibit "excessive bail." U.S. Const. amend. VIII; Colo. Const. art. II, § 20. Neither guarantee a "right to bail" as Petitioner suggests. Neither guarantees a right to condition-free release if a defendant asserts that he or she cannot meet a condition. The denial of bail in the instant case was not arbitrary and was not based solely upon the defendant's financial condition. Due process requirements were met. See *Zemel v. Rusk*, 381 U.S. 1 (1965).

Among other cases, Petitioner cites *United States v. Salerno*, 481 U.S. 739, 750 (1987) for the proposition that a court must prove that pretrial detention is necessary by "clear and convincing evidence". *Salerno* discussed the requirements of The Bail Reform Act of 1984 (Act), allowing a federal court to detain an arrestee pending trial if the Government demonstrates as such by clear and convincing evidence after an adversary hearing. The *Salerno* court was not proscribing a constitutionally required procedure; it was approving the Bail Reform Act of 1984. The Bail Reform Act denied bail entirely, on any conditions, to certain defendants: "The Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *Id*.

The bond set in this case was reasonable, based on consideration of the factors in section 16-4-103(5), C.R.S. (2019 as stated above. Bond was set in the amount of $300,000. A Hearing on Bond was held on April 16, 2020 in which Mr. Glad asked the court to reduce his bond but the Court declined to reduce the bond despite counsel's great job of briefing the arguments. Mr. Glad appealed the trial court's decision but his appeal to the Colorado Court of Appeals and the Colorado Supreme Court were dismissed. Numerous state judicial officials have considered Petitioner's case. Considered

Petitioner's circumstances. Considered community safety. Considered numerous other factors outlined by law. The state courts have given Petitioner due process and afforded him constitutional protections and concluded a $300,000 cash or surety bond in the underlying state criminal case is appropriate.

## CONCLUSION

*Younger* generally prohibits federal courts from interfering in state court criminal proceedings. The Sheriff believes that the state court judicial system provided adequate processes and remedies and the principles underlying *Younger* abstention require this Court to refrain from interference.

Respectfully submitted this 16th day of November 2020.

**El Paso County Attorney's Office**

By: *s/ Bryan E. Schmid*
Bryan E. Schmid, Colo. Bar #41873
Senior Assistant County Attorney
Centennial Hall
200 S. Cascade Avenue
Colorado Springs, CO 80903
Office: (719) 520-7032
Cell: (719) 258-0375
E-mail: bryanschmid@elpasoco.com

**Attorney for Respondent El Paso County Sheriff Bill Elder**

## Certificate of Service

This is to certify that on the 16th day of November 2020, I electronically filed the foregoing **RESPONDENT SHERIFF BILL ELDER'S COMBINED RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND EMERGENCY MOTION FOR EXPEDITED CONSIDERATION/TEMPORARY RESTRAINING ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Adam Mueller
David Kaplan
Haddon, Morgan and Foreman, P.C.
amueller@hmflaw.com
dkaplan@hmflaw.com

Alec Karakatsanis
Olevia Boykin
Alexandria Twinem
Civil Rights Corps
alec@civilrightscorps.org
olevia@civilrightscorps.org
alexandria@civilrightscorps.org.

*s/ Bryan E. Schmid*
Bryan E. Schmid
El Paso County Attorney's Office