**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02585-GPG

KENNETH GLAD,

    Petitioner,

v.

BILL ELDER, in his official capacity as EL PASO COUNTY SHERIFF,

    Respondent.

───────────────────────────────────────────────────────────

**PETITIONER'S REPLY IN SUPPORT OF WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND EMERGENCY MOTION FOR EXPEDITED CONSIDERATION/TEMPORARY RESTRAINING ORDER**

───────────────────────────────────────────────────────────

In his response to Kenneth Glad's petition for writ of habeas corpus and motion for emergency relief, Respondent Bill Elder makes two primary arguments. He first argues that this Court should decline, pursuant to the *Younger* abstention doctrine, to even consider Mr. Glad's petition because doing so would interfere with an ongoing state prosecution. He next argues that Mr. Glad is not entitled to emergency relief because the bail set in his case was reasonable. Neither of these arguments has merit.

The Supreme Court and numerous federal courts of appeals have held that *Younger* abstention is unwarranted where, as here, the issue before the federal court is distinct from the criminal prosecution itself and a decision from the federal court would not impede the criminal prosecution. Respondent incorrectly argues that because Mr. Glad *previously* had an opportunity to present his arguments before the state court, this Court cannot act. But *Younger* abstention is only applicable if there is *currently* an ongoing state proceeding where his constitutional challenge could be adequately presented. In this case, there is no such proceeding. And Respondent's

1

arguments about the constitutionality of Mr. Glad's state bail hearing fundamentally misstate the constitutional challenge that Mr. Glad brings and the relief he seeks. Mr. Glad does not argue that this Court should grant him bail he can pay. Indeed, Mr. Glad recognizes that if this Court rules in his favor, the state court may impose an unaffordable bond as a condition of release in a subsequent bail hearing. But if the state court is going to deprive Mr. Glad of his liberty, it must do so in a hearing that complies with the Constitution. This Court should grant Mr. Glad's petition.

## ARGUMENT

### I. *Younger* abstention is not appropriate in this case.

Relying on the abstention doctrine first set forth in *Younger v. Harris*, Respondent posits that federal courts cannot consider any issue that is at all related to an ongoing state criminal proceeding, including the present habeas petition. But that is not the law. Precedent is clear that federal courts must consider issues that are collateral to a state criminal prosecution because doing so does not upset the principles of federalism and comity that underlie *Younger* abstention.

It is well settled that "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Communications Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Accordingly, "[o]nly 'exceptional' circumstances merit *Younger* abstention." *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint Communications*, 571 U.S. at 72); *see also Walker v. City of Calhoun*, 901 F.3d 1245, 1254 (11th Cir. 2018) ("Abstention . . . has become disfavored in recent Supreme Court decisions."). Before a federal court may abstain under *Younger*, three conditions must be met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885,

889 (10th Cir. 1997). And even if all three conditions are met, *Younger* abstention still may not be warranted if one of several exceptions applies. *Younger* abstention is inappropriate where "the [state] prosecution was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate." *Winn v. Cook*, 945 F.3d 1253, 1258–59 (10th Cir. 2019).

Here, *Younger* does not warrant abstention for at least two reasons. First, the *Younger* criteria are not met. Mr. Glad is not attempting to challenge any ongoing state proceedings. Bail is separate and collateral to his state prosecution, and his upcoming criminal trial does not present an adequate opportunity to address his federal constitutional challenge. Second, even if the criteria for *Younger* were satisfied, this case fits within an exception to *Younger* abstention because Mr. Glad is at risk of great and immediate irreparable injury.

### A. The criteria for *Younger* abstention are not met.

This Court cannot abstain under *Younger* from deciding Mr. Glad's habeas petition because this petition raises only the issue of bail—an issue that is wholly separate from his underlying criminal trial. As set forth in the case law below, there are at least three related reasons why this Court should not abstain, any one of which is sufficient to rule in Mr. Glad's favor. First, when a federal case challenges an issue that is only collateral to the state prosecution, the federal court can rule without hindering any "ongoing" state proceedings. Second, an issue such as bail conditions imposed pre-trial cannot be "adequately" challenged through that state criminal prosecution. Third, when a federal court's role is limited to a constitutional challenge distinct from the state criminal prosecution, it does not raise issues of federalism and comity that underlie the jurisprudential

doctrine of *Younger* abstention. Regardless of which rationale a court chooses, there is widespread agreement that *Younger* abstention does not apply in a case like this.

The Supreme Court and federal courts of appeals have repeatedly recognized that *Younger* abstention is not warranted when a person facing a state criminal prosecution brings a challenge in federal court to an issue that is only collateral to the state prosecution. In *Gerstein v. Pugh*, 420 U.S. 103 (1975), petitioners challenged Florida's failure to provide probable cause hearings in most criminal cases. The Supreme Court stated that the district court had "correctly held that respondents' claim for relief was not barred by the equitable restrictions on federal intervention in state prosecutions [required by] *Younger v. Harris*." *Id.* at 108 n.9. The Court explained that *Younger* abstention was not required because the federal case "was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." *Id.* Furthermore, the relief sought "could not prejudice the conduct of the trial on the merits." *Id.*

Likewise, in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court concluded that a federal habeas petition brought on speedy trial grounds could move forward despite an ongoing state prosecution because the petition sought only to vindicate the petitioner's collateral constitutional right to a speedy trial. *Id.* at 489–90 ("Petitioner does not . . . seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."). *Braden* considered two factors, also present here, that obviated the concerns of federalism and comity underlying *Younger* abstention: (1) the petitioner had exhausted his argument in state court, thereby giving the state a chance to consider the issue first, and (2) the basis for the federal habeas petition was not a defense in the underlying criminal case. *Id.*

4

Decisions by the federal courts of appeals have specifically held that *Younger* abstention is unwarranted in the context of challenges to pretrial bail. The Ninth Circuit's decision in *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018), was decided under circumstances virtually identical to those here. The petitioner challenged unaffordable money bail that was imposed while awaiting a state criminal trial, arguing "that financial release conditions are unconstitutional absent both specific procedural protections and a finding that non-financial conditions could not reasonably serve the State's interest." *Id.* at 764. In concluding that *Younger* abstention was improper, the court of appeals reasoned that "issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it" because "[r]egardless of how the bail issue is resolved, the prosecution will move forward unimpeded." *Id.* at 766.

The Eleventh and Fifth Circuits have reached the same conclusion as the Ninth. In *Walker v. City of Calhoun*, 901 F.3d 1245 (11th Cir. 2018), the Eleventh Circuit held that *Younger* abstention did not apply in a class action case seeking to enjoin unconstitutional setting of bail conditions because the plaintiffs were "not asking to enjoin any prosecution," but rather were "merely seek[ing] prompt bail determinations." *Id.* at 1254. And in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018), the Fifth Circuit agreed, reasoning that where an issue like bail is wholly collateral to the state criminal prosecution, "[t]he third prong of [the *Younger*] test is not met. . . . the relief sought by [petitioner]—i.e., improvement of pretrial procedures and practice— is not properly reviewed by criminal proceedings in state court." *Id.* at 156.

The reasoning of these cases is also true for Mr. Glad. In filing this federal petition, Mr. Glad does not challenge or seek to impede the State of Colorado's ability to try him for his alleged crimes, and his claim therefore does not raise concerns about federalism and comity. He seeks only to challenge the procedures of his bail setting— bail that was imposed by the state judge without

factual findings made on the record and found by clear and convincing evidence. And although Respondent argues that *Younger* abstention is warranted because "state proceedings are clearly ongoing," Response at 6, Respondent ignores that no *bail-related* proceedings are ongoing. Mr. Glad has already exhausted his opportunities for review of his conditions of release before the state courts, including the Colorado Supreme Court. And unquestionably, Mr. Glad's trial—currently scheduled to begin in less than three months—does not provide an adequate opportunity to challenge his conditions of bail. To the contrary, resolution of his state prosecution will moot his constitutional challenge.

Respondent suggests that the *Younger* criteria are met because Mr. Glad *previously* had an opportunity to argue his bail conditions. *See* Response at 6 ("Mr. Glad's counsel argued his bail conditions multiple times to the state district court . . . ."). But that is not what the *Younger* abstention criteria asks. Abstention is only required if there is *currently* an adequate opportunity to challenge bail conditions before the state court. *Younger* abstention is concerned with timing—it prevents a federal court from acting *while* the state is also currently acting in a case of importance to the state. *See, e.g.*, *Younger*, 401 U.S. at 41 (resting its holding on the "national policy forbidding federal courts to stay or enjoin *pending* state court proceedings" (emphasis added)). *Younger* abstention has never been understood to close to the doors to the federal courts altogether.

### B. Alternatively, an exception to *Younger* abstention applies.

Even if the prerequisites for *Younger* abstention were satisfied, which they are not, abstention is inappropriate because Mr. Glad faces a "threat of irreparable injury." *Winn*, 945 F.3d at 1259. Such risk exists "where the threat 'cannot be eliminated by . . . defense against a single criminal prosecution.'" *Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir. 2007) (quoting *Younger*, 401 U.S. at 46). That is true here: a case alleging unconstitutional pretrial detention "fits

6

squarely within the irreparable harm exception." *Arevalo*, 882 F.3d at 766. That is because vindicating the right to a constitutionally adequate bail hearing "necessarily requires intervention before trial," to prevent both the "deprivation of constitutional rights" and the "[d]eprivation of physical liberty by detention," which constitute[] irreparable harm." *Id.* at 766–67.

Mr. Glad is currently suffering an unconstitutional loss of his right to pretrial liberty—a right the Supreme Court has labeled "fundamental." *United States v. Salerno*, 481 U.S. 739, 750 (1987). And "the violation of [this] right[] is becoming more severe every day." *Winn*, 945 F.3d at 1261–62. The state courts have refused to remedy that violation. Indeed, the state court declined to even *consider* the constitutional violation, reasoning that it was "not for [the judge] to test [Colorado's bail statute] or disagree with that legislation." Dkt. No. 1-4, at 8.[1] Under the Respondent's interpretation of the law, which is in conflict with Supreme Court and Tenth Circuit cases, federal courts must abstain from even considering Mr. Glad's exhausted claim.

The conclusion that pretrial-detention claims fall within *Younger*'s exception for irreparable harm is consistent with Tenth Circuit precedent. In *Winn*, the Court of Appeals held that a double jeopardy claim "warrants an exception to *Younger*" because "federal intervention is necessary to prevent [a double-jeopardy] challenge from becoming moot.'" 945 F.3d at 1263. The same is true here. Challenges to pretrial detention will become moot if not litigated prior to trial. And, like double jeopardy claims, challenges to pretrial detention fall within the collateral order doctrine. *See Abney v. United States*, 431 U.S. 651, 660–61 (1977) (double jeopardy); *Stack v.*

---

[1] The state court's statement incorrectly interprets Mr. Glad's argument as a facial challenge to Colorado's bail statute. Mr. Glad made no such challenge. Instead, he argued to the state court (as he argues to this Court) that if the state court chooses to issue either an express or de facto order of detention in his case, it must do so only after it has provided the procedural protections required by the U.S. Constitution. Colorado's bail statute says nothing to the contrary. *See* Opening Br. at 11–20.

*Boyle*, 342 U.S. 1, 6 (1951) (bail). Indeed, as the Supreme Court has explained, "relief" in bail challenges "must be speedy if it is to be effective." *Stack*, 342 U.S. at 4.

## II.     Mr. Glad is entitled to a temporary restraining order.[2]

While Respondent spends most of his response brief arguing that this Court should abstain from considering Mr. Glad's petition, he briefly suggests that Mr. Glad is not entitled to relief because his bail determination hearing was constitutional and he will not be irreparably injured absent emergency relief. These arguments rely on a mischaracterization of Mr. Glad's constitutional argument and are not persuasive.

### A.     Mr. Glad is likely to succeed on the merits of his claim.

As explained in Mr. Glad's opening brief, he is likely to succeed on the merits of his constitutional challenge to his bail conditions. By intentionally setting Mr. Glad's bail at an amount he could not afford, the state court judge imposed the functional equivalent of an order of detention pretrial. Opening Br., Dkt. No. 3, at 8–9. But the state court did so without affording Mr. Glad the constitutional safeguards imposed by the Due Process Clause, including making specific findings based on the clear-and-convincing-evidence standard that his detention was necessary because alternatives to detention were insufficient to serve the government's interests of community safety or ensuring his presence at trial. *Id.* at 9–20. Mr. Glad received no such constitutional protections. He was not told why his $300,000 bail was appropriate notwithstanding his inability to pay it. The court did not indicate what evidence it was crediting, what (if any) alternatives to confinement it

---

[2] On September 1, Judge Babcock denied Mr. Glad's motion for a temporary restraining order and expedited consideration. Dkt. No. 8. Mr. Glad renews his motion for a temporary restraining order and expedited consideration and requests the Court consider the motion immediately in light of Respondent's fully briefed response to emergency relief. *See* Response at 5, 12–15. Alternatively, Mr. Glad requests that the Court rule on his habeas petition proper as expediently as possible, which would obviate the need to decide the motion for temporary restraining order.

considered, or what evidentiary standard the court was using in making its determination. *See id.* at 2–5, 20–22.

Respondent's arguments challenging Mr. Glad's constitutional claim are unavailing. First, Respondent implies that the state court *did* make the requisite findings because the court noted that Mr. Glad was charged with a serious crime. *See* Response at 12. But the state court's remark that the case raised "public safety implications" falls far short of what the Constitution requires, including a record identifying what evidence was credited and what alternatives were considered that can be assessed by a reviewing court. *See* Opening Br. at 21–22. Petitioner does not suggest that the charges against him are not serious. *See id.* at 22. But the allegations against him do not strip him of his right to have a full, fair hearing and evidentiary record as the Constitution requires. Respondent is also incorrect that Mr. Glad is arguing for a "right to bail." Response at 13–14. As Mr. Glad acknowledges in his opening brief, the Constitution permits a court to hold a criminal defendant pre-trial under certain circumstances. Opening Br. at 11–12, 14–20. But a state court can do so only after providing the protections afforded by the Constitution.

In passing, Respondent challenges whether *United States v. Salerno*, 481 U.S. 739 (1987), announced a constitutional requirement that court findings be made by clear and convincing evidence. Response at 14. Courts considering the question have repeatedly concluded that, "given the important nature of the liberty interest at stake," the clear and convincing evidence standard is appropriate: "the State has the burden of proving by clear and convincing evidence that no less restrictive alternative will satisfy its interests in ensuring the defendant's presence and the community's safety" before detaining someone pretrial. *Valdez-Jimenez v. Eighth Judicial District Court*, 460 P.3d 976, 987 (Nev. 2020); *see also* Opening Br. at 14 (collecting cases imposing the clear and convincing evidence standard).

### B.     The other requirements for preliminary relief are met.

Respondent does not seriously dispute that the remaining preliminary injunction factors tip in Mr. Glad's favor. Although Sheriff Elder challenges the seriousness of the threat from COVID-19 in the El Paso County Jail,[3] he concedes that Mr. Glad suffers irreparable injury every day that he is in jail via a deprivation of his constitutional rights, as well as the tangible harms that accompany pretrial detention, including loss of employment, separation from family, and impediments to assisting in his own trial. Mot. for TRO, Dkt. No. 2, at 2–4. This "*unquestionably* constitutes irreparable injury." *Arevalo*, 882 F.3d at 766 (emphasis added) (citation omitted); *see also supra* at pp. 6–7 (explaining why this case fits the irreparable-injury exception to *Younger* abstention). Respondent identifies no harm that he will suffer if he cannot detain Mr. Glad absent a constitutionally-compliant bail determination hearing. That is because he will suffer none. And a preliminary injunction is in the public interest: "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Browne v. City of Grand Junction*, 27 F. Supp. 3d 1161, 1167 (D. Colo. 2014) (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012)). Mr. Glad is therefore entitled to emergency relief on his petition for habeas corpus.

### CONCLUSION

The petition for writ of habeas corpus and motion for temporary restraining order/expedited consideration should be granted.

---

[3] Respondent is also wrong as a factual matter about the risk that COVID-19 presented to Mr. Glad in the El Paso County Jail. Since Mr. Glad filed his petition and sought emergency relief, he became one of 911 inmates who contracted COVID-19 and experienced symptoms of the disease while detained in the El Paso County Jail. The outbreak was the second-largest in the entire state of Colorado to date. Elise Schmelzer, *El Paso County Jail Inmates Weren't Given Masks Prior to One of Colorado's Largest COVID-19 Outbreaks*, Denver Post (Nov. 12, 2020), https://www.denverpost.com/2020/11/12/el-paso-county-jail-coronavirus-outbreak-masks/.

Respectfully submitted this 6th day of December, 2020.

/s/ Adam Mueller
Adam Mueller
David Kaplan
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
amueller@hmflaw.com
dkaplan@hmflaw.com
(303) 831-7364


Eric Halperin
(DC Bar No. 491199)
Alexandria Twinem
(DC Bar No. 1644851)
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
eric@civilrightscorps.org
alexandria@civilrightscorps.org
(202) 670-4809


*Attorneys for Kenneth Glad*

**Certificate of Service**

I certify that on December 6, 2020, I electronically filed the foregoing *Reply in Support of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Motion for Expedited Consideration/Temporary Restraining Order* with the Clerk of Court using the CM/ECF system.

*s/ Adam Mueller*