**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02585-GPG

KENNETH GLAD,

    Petitioner,

v.

BILL ELDER, in his official capacity as EL PASO COUNTY SHERIFF,

    Respondent.

---

**REPLY TO DISTRICT ATTORNEY FOR THE FOURTH JUDICIAL DISTRICT'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS**

---

The District Attorney for the Fourth Judicial District provides no persuasive reason why Kenneth Glad is not entitled to habeas corpus and emergency relief because he is detained on the basis of a state-court proceeding that did not provide him with adequate procedural protections afforded by the U.S. Constitution. The District Attorney's brief makes, in essence, only two arguments. First, the District Attorney argues that this Court is required to abstain from considering Mr. Glad's case under *Younger v. Harris*. The District Attorney's argument mirrors the one made previously by Respondent Bill Elder, and for the reasons Mr. Glad already explained in detail in his reply to the Respondent, abstention is unwarranted here.

Second, the District Attorney argues that Mr. Glad received a constitutionally compliant hearing because the state court said several times that it was concerned about "public safety." But that is not what the Due Process Clause requires. The District Attorney does not challenge the litany of cases recognizing that due process requires that a court make findings on the record as to why a defendant presents a risk to public safety, that the court must cite the evidence it relies on

and apply the clear and convincing evidence standard, and that the court find—also by clear and convincing evidence—that no alternative short of a de facto order of detention will adequately protect the public's safety. Nor does the District Attorney suggest that the bond court provided these required constitutional protections to Mr. Glad. That is because the transcript of the bond hearing demonstrates that the state court made none of these required findings. That ends the analysis this Court must make—constitutionally required procedures were not followed, and Mr. Glad is entitled to a new hearing before the state court where these procedures are provided. While the District Attorney raises a host of other arguments, none detract from that simple, straightforward conclusion. Mr. Glad's petition thus must be granted.

## I.     *Younger* Abstention Is Unwarranted

The District Attorney first argues that this Court should abstain from considering Mr. Glad's petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). DA Br., Dkt. No. 25, at 5. Because Mr. Glad has already explained at length why *Younger* abstention is unwarranted in this case, he largely relies on and incorporates by reference his brief in reply to Respondent. Reply Br., Dkt. No. 20, at 2–8. Mr. Glad will only respond to the new arguments raised by the District Attorney.

The District Attorney appears to argue that *Younger* abstention is warranted because "at least two out of the three requirements for abstention under *Younger* have been met in this case." DA Br. at 6; *see also id.* (conceding that Mr. Glad's bond proceedings "have cease[d]" and further conceding "that such an argument could be made that the first *Younger* requirement has not been met"). But that is not how the *Younger* test works. Abstention is only proper if all three of the *Younger* criteria are met. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) ("Once *these three conditions* are met, Younger abstention is non-discretionary and, absent extraordinary

2

circumstances, a district court is required to abstain." (emphasis added) (citation omitted)). And as Mr. Glad has explained (and the District Attorney does not meaningfully dispute), the three criteria are not met in this case. Reply Br. at 3–6. Because the *Younger* criteria are not met, abstention is inappropriate.

The District Attorney next argues that Mr. Glad's case does not fit within the irreparable injury exception to *Younger* abstention. DA Br. at 7. Of course, if the *Younger* criteria are not met in the first instance, which the District Attorney concedes is this case, then Mr. Glad does not need to fit into any exception to *Younger*. But Mr. Glad's case does indeed fit squarely within the irreparable injury exception. Reply Br. at 6–8. Specifically, because Mr. Glad cannot vindicate his constitutional right to a due-process-compliant bond hearing at his criminal trial or after his trial, he *must* be allowed to vindicate that right now. *See id.*

The District Attorney does not explain why that straightforward reasoning does not apply. Instead, it attempts to distinguish the cases on which Mr. Glad relies. First, the District Attorney points out that the Tenth Circuit's decisions in *Winn and Walck* concerned violations of the Double Jeopardy Clause. DA Br. at 8. That is true. But nothing in *Winn* or *Walck* suggests that the reasoning of those cases was limited to violations of the Double Jeopardy Clause. Quite the contrary: as Mr. Glad has already pointed out, the Supreme Court has treated double-jeopardy cases and bail cases the same in holding them collateral orders—that is, that they may be immediately appealed because, if not, any relief will be ineffective. Reply Br. at 7–8 (citing *Abney v. United States*, 431 U.S. 651 (1977), and *Stack v. Boyle*, 342 U.S. 1 (1951)); *see also Walck v. Edmondson*, 472 F.3d 1227, 1233–34 (10th Cir. 2007) (relying on *Abney* to conclude that an exception to *Younger* applied). That same reasoning compels the conclusion that Mr. Glad's challenge to his bail hearing, like the double-jeopardy claims in *Winn* and *Walck*, constitute

3

irreparable injuries that are excepted from *Younger* abstention. In fact, the Ninth Circuit has reached this exact conclusion and held that a constitutional challenge to pretrial bail is exempt from *Younger* abstention because it constitutes an irreparable injury. *See Arevalo v. Hennessy*, 882 F.3d 763, 766–67 & n.3 (9th Cir. 2018). The District Attorney does not dispute the Ninth Circuit's conclusion that a constitutional challenge to pretrial bail constitutes an irreparable injury excepted from *Younger*. Instead, it only argues that *Arevalo* is distinguishable from Mr. Glad's case because, in the District Attorney's estimation, Arevalo had a meritorious constitutional challenge and Mr. Glad does not. DA Br. at 9. But *Younger* abstention does not turn on resolving the merits of the underlying case. To the contrary, the Tenth Circuit has recognized that "a *threat* to an individual's federally protected rights constitutes irreparable injury" that warrants immediate federal intervention to determine whether the underlying claim is meritorious. *Walck*, 472 F.3d at 1234 (emphasis added); *see also Arevalo*, 882 F.3d at 766 (describing an exception to *Younger* when "the *danger* of irreparable loss is both great and immediate" (emphasis added) (citation omitted)). If a federal court had to decide the merits of a case before deciding whether to abstain, it would render the doctrine of abstention irrelevant and require federal courts to opine on the merits of a constitutional challenge to state proceedings any time the irreparable injury exception was raised. That is not the law.

There is no basis to abstain from hearing Mr. Glad's case.

## II.     Mr. Glad Is Entitled to Habeas Relief

### A. Due Process Requires Courts to Make Findings on the Record by Clear and Convincing Evidence

The District Attorney quotes out-of-context dicta from a decision of another court in this district and uses it to urge this Court to conclude that the clear and convincing evidence standard should not apply to bond decisions. DA Br. at 10–11 (quoting *Elliott v. Brown*, 2020 WL 2112363,

4

at *10 n.2 (D. Colo. May 4, 2020)). The District Attorney does not explain what standard should otherwise apply, provide case law supporting that standard, or explain why Mr. Glad's state-court hearing was sufficient under that standard. In *Elliott*, the district court never reached the merits of the petitioner's claim, but in a footnote it questioned whether the clear and convincing evidence standard should apply when a court determines that a criminal defendant is a flight risk. 2020 WL 2112363, at *10 n.2. The court noted that under the Bail Reform Act of 1984, which was at issue in *Salerno*, the government was statutorily required to prove *dangerousness* by clear and convincing evidence but could prove a risk of flight by a preponderance of the evidence. *Id.* However, only the dangerousness provision of the Act was at issue in *Salerno*.[1] The district court then concluded that there was sufficient evidence before the state court under either evidentiary standard to conclude that the petitioner was a flight risk and set unaffordable bond. *See id.*

The proper evidentiary standard for a risk of flight, however, is not before the Court in this case. The *only* reasoning that the state court provided when setting unaffordable money bail for Mr. Glad was that he presented a "public safety risk." Hearing Tr., Dkt. No. 1-4, at 11:21–24. And it is well settled, and not disputed by the quoted text offered by the District Attorney, that the clear

---

[1] To the extent that the district court in *Elliott* can be seen as reaching a conclusion that the preponderance of evidence standard applies to proving risk of flight, that conclusion is incorrect. The Supreme Court did not have occasion in *Salerno*, and has not had occasion since, to rule on the constitutionality of requiring only a preponderance of evidence in deeming someone a flight risk and depriving them of their fundamental right to bodily liberty. And the reasoning of *Salerno* calls the preponderance-of-the-evidence standard into serious question. As has the reasoning in other Supreme Court and Circuit Court cases. *See* Opening Br., Dkt. No. 3, at 18–20 & nn.5–6 (collecting cases concluding that the same evidence standard should apply to both findings of risk of flight and risk of public safety and explaining how this conclusion is compelled by the Supreme Court's decisions in *Santosky*, *Addington*, and *Foucha*); *see also Valdez-Jimenez v. Eighth Judicial Dist.*, 460 P.3d 976, 987 (Nev. 2020) (holding that clear and convincing evidence applies to both flight risk and public-safety determinations). However, because there was no suggestion in this case that the state court considered Mr. Glad a flight risk (and evidence to the contrary was put before the state court judge), this Court does not have that issue before it.

and convincing evidence standard must apply to findings of dangerousness. Opening Br., Dkt. No. 3, at 14–20; Reply at 9. Indeed, the Supreme Court has applied *at least* the clear and convincing evidence standard before an individual may be deprived of bodily liberty in a string of cases dating back to 1979. Opening Br. at 15–17 (collecting cases). And a host of state high courts, federal courts of appeals, and federal district courts have agreed that the clear and convincing evidence standard applies when the government seeks pretrial detention. Opening Br. at 17–18 & n.4.

### B.  Mr. Glad's Bond Hearing Was Constitutionally Deficient

The District Attorney argues that Mr. Glad received a due-process-compliant bond hearing because the judge repeatedly stated that the case presented public safety concerns. DA Br. at 11–12. These statements fall short of what the Constitution requires in several ways.

First, the bond judge did not articulate the evidentiary standard that she was relying on or explain how each of her findings was supported by clear and convincing evidence in the record. By failing to do so, she created an insufficient record that does not allow Mr. Glad to know why he is being detained or allow a reviewing court to properly consider the bond court's reasoning and the sufficiency of the evidence on which it relied. This alone warrants granting Mr. Glad's petition and requiring the state court to make proper findings under the proper standard in the first instance.

Second, even if this Court were to accept the District Attorney's argument that the bond court made a sufficient finding that Mr. Glad posed a risk to public safety, it is beyond dispute that the bond court failed to conduct the second step of the constitutional analysis. Specifically, the bond court was required to find by clear and convincing evidence that de facto detention was the least restrictive means for ensuring public safety by explicitly considering alternatives to unaffordable money bail for Mr. Glad and whether those conditions would sufficiently protect the

6

community. Due process requires that an individual's liberty interest "be abridged only to the degree necessary to serve a compelling governmental interest." *In re Humphrey*, 228 Cal. Rptr. 3d 513, 528 (Ct. App. 2018); *see also* Opening Br. at 14 & n.3, 17–20 (collecting cases). Here, the state judge failed to consider alternatives that would have worked a lesser restriction on Mr. Glad's liberty. That failure is particularly glaring because Mr. Glad's counsel repeatedly requested that he be subjected to a lesser bond, along with ankle monitoring and home confinement. Hearing Tr. at 10:24–11:07. The court did not provide any explanation of why these less restrictive alternatives were insufficient on the record in violation of due process requirements.[2] *See Goldberg v. Kelly*, 397 U.S. 254, 271 (1970) (holding that a decisionmaker must "state the reasons for his determination and indicate the evidence he relied on" on the record). This alone would warrant granting Mr. Glad's habeas petition.

There is no dispute that the state court did not consider these alternatives during Mr. Glad's bond hearing. The only possible way for this Court to conclude that Mr. Glad's bond hearing was constitutionally adequate, then, would be for this Court to step into the role of the state bond judge and imagine what the bond court *might have done* had it properly considered those alternatives. But that is not this Court's role, and doing so would violate principles of federalism and comity. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 273 (2005) ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.").

---

[2] The obligation to consider less restrictive alternatives and make findings why those alternatives are insufficient in a particular case is one that applies to all federal judges considering whether to detain a federal defendant pre-trial, and judges within this district provide oral or written findings on this issue as a matter of course.

### III.     Mr. Glad Is Entitled to Temporary Relief

The District Attorney makes three arguments in opposition to Mr. Glad's motion for temporary relief. All are without merit. The District Attorney first states, without explanation, that Mr. Glad has only made "suppositions regarding the likelihood of his success" on his constitutional claim. DA Br. at 13. Mr. Glad's explanation of his constitutional claims in his opening brief, as well as his further explanation above, makes clear that Mr. Glad is likely to succeed on the merits of his claims.

The District Attorney next faults Mr. Glad for not "providing evidence" that he will suffer irreparable harm absent relief from this Court. DA Br. at 13. But the District Attorney concedes, as it must, that an ongoing constitutional violation is itself an irreparable harm that warrants emergency relief. Mot. for TRO, Dkt. No. 2, at 2–4 & n.1; Reply Br. at 6–7, 10. And for the reasons already explained, Mr. Glad is currently detained in violation of the Constitution because he has not been given a due-process-compliant hearing. Nor are Mr. Glad's ongoing tangible injuries purely hypothetical. Extensive evidence demonstrates that individuals detained pretrial are unable to fully participate in their own defense and are thus more likely to accept plea deals and abandon valid defenses, that such individuals are likely to lose their job, and that they cannot participate in their family life in a meaningful way. *See* Mot. for TRO at 2–4 & n.1 (collecting evidence). Those harms are all the more present for Mr. Glad because he is detained in the midst of a pandemic that limits ingress and egress from the El Paso County Jail.[3] Mr. Glad has even greater obstacles to

---

[3] Individuals at the El Paso County Jail are not allowed to receive in-person visits from friends and family at this time. And although the Jail is allowing in-person attorney visits to proceed, the Colorado Springs Public Defender has issued a moratorium on its attorneys—including Mr. Glad's attorney—meeting in person at the Jail following the massive outbreak of COVID-19 in the Jail between October and November of 2020 and the continued discovery of positive cases at the Jail.

participating in his own defense and maintaining family contact than he would if detained at any other time. Mr. Glad has already been detained for nearly 11 months. And because his trial date has now been extended to May 2021, he faces at least four additional months of continued detention in violation of his due process rights.

Finally, the District Attorney suggests that any harm to Mr. Glad will be outweighed by "public safety interests." DA Br. at 13. But here the District Attorney repeats the error previously made by both Respondent and the bond judge in this case of mischaracterizing Mr. Glad's constitutional claim as requiring either a no-hold bond or an affordable money bond. As Mr. Glad has repeatedly explained, if this Court issues a temporary restraining order, it would not require the state court to release Mr. Glad. To the contrary, Mr. Glad acknowledges that a state court could decide to once again set an unattainable amount of bond in his case if he is granted relief by this Court. But only after Mr. Glad has received a constitutionally compliant hearing and only after a judge has made constitutionally compliant findings on the record. Reply Br. at 5–6, 7 n.1.

For all of the above reasons, Kenneth Glad is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a temporary restraining order entitling him to an immediate, constitutionally compliant bond hearing or release.

Respectfully submitted this 19 day of January, 2021.

/s/ Adam Mueller
Adam Mueller
David Kaplan
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, Colorado 80203
amueller@hmflaw.com
dkaplan@hmflaw.com
(303) 831-7364

Alexandria Twinem
(DC Bar No. 1644851)
Eric Halperin
(DC Bar No. 491199)
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
 eric@civilrightscorps.org
alexandria@civilrightscorps.org
(202) 670-4809


*Attorneys for Kenneth Glad*

## Certificate of Service

I certify that on January 19, 2021, I electronically filed the foregoing *Reply to District Attorney for the Fourth Judicial District's Response to Motion for Temporary Restraining Order and Petition for Writ of Habeas Corpus* with the Clerk of Court using the CM/ECF system.

*s/ Adam Mueller*