**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2585

KENNETH GLAD,

Petitioner,

v.

BILL ELDER, in his official capacity as EL PASO COUNTY SHERIFF, and the DISTRICT ATTORNEY FOR THE FOURTH JUDICIAL DISTRICT

Respondents.

---

**JOINT OPPOSITION OF SHERIFF BILL ELDER AND THE 4TH JUDICIAL DISTRICT ATTORNEY'S OFFICE IN OPPOSITION TO PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Respondents, El Paso County Sheriff Bill Elder ("Elder" or "Sheriff") and the District Attorney for the Colorado 4th Judicial District ("DA"), by and through their attorneys El Paso County Attorney's Office, hereby jointly submit their Opposition to Petitioner's Objection to Magistrate Judge's Report and Recommendation and as grounds in support thereof states as follows:

## I.   INTRODUCTION

Kenneth Glad ("Mr. Glad") is currently incarcerated at the El Paso County Justice Center ("EPCJC") awaiting trial. Mr. Glad was arrested on February 24, 2020 and jailed on charges of first degree kidnapping, C.R.S. §18-3-301(1)(a), (2); second degree kidnapping C.R.S. §18-3-302(1), (3); sexual assault, C.R.S. §18-3-402(1)(a), (5); and C.R.S. §18-3-402(1)(a), (4). Prosecution of the criminal charges against Mr. Glad is taking place in the El Paso County Colorado District Court in case number 2020CR001194. On February 25, 2020, the prosecutor

requested an elevated bond and the court set Mr. Glad's bond at $300,000. Mr. Glad challenged the setting of the $300,000 bond as he is unable to post such a high bond and after receiving no satisfaction in the bond court, the Colorado Court of Appeals or the Colorado Supreme Court, Mr. Glad filed an Application for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 (the "Application"); an Emergency Motion for Expedited Consideration / Temporary Restraining Order ("MTRO"); and a Memorandum of Law in Support of Petition for *Habeas Corpus* with this Court seeking essentially to either be set free pending trial or forcing the bond court to hold a new bond modification hearing in the manner Mr. Glad believes is prescribed by law. Mr. Glad's jury trial is currently scheduled for May 10, 2021 after having been moved from several times due to protocols enacted in response to the COVID-19 pandemic.

Both Respondents in this case, Elder and (the later added) DA, filed a Response to the Application and the MTRO. Mr. Glad replied to each of the responses and the matter was submitted to Magistrate Judge Gordon P. Gallagher for recommendation. On March 9, 2021, Magistrate Judge Gallagher issued his Recommendation of the United States Magistrate Judge ("R&R) in which he recommended (1) the Application be denied, the requests for injunctive relief be denied as moot and this action be dismissed with prejudice. On March 23, 2021, Mr. Glad filed an Objection to Magistrate Judge's Report and Recommendation ("Objection").  Respondents oppose Mr. Glad's Objection and support the recommendations of the Magistrate Judge.

## II.     ARGUMENT

### A.     Magistrate Judge Gallagher Correctly Discerned that the Constitution Does Not Require the Constitutional Safeguards Discussed in *Unites States v. Salerno*.

Mr. Glad challenges the determination of the Magistrate Judge that *United States v. Salerno*, 481 U.S. 739 (1987) is not applicable to persons held as pre-trial detainees in a state court criminal proceeding. ECF 31, p. 1-2. Specifically, the Magistrate Judge held:

> First, at issue in *Salerno* is the Bail Reform Act of 1984 (Act). Section 3142(e) of 18 U.S.C. "requires courts to detain prior to trial arrestees charged with certain serious felonies if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure . . . the safety of any other person and the community." [ECF 30, p. 10.]
>
> \*          \*          \*
>
> Although this Court finds the factors set forth by Congress under § 3142(g) to have been at issue and considered by the bond court judge, the Court takes note of, and agrees with, the court's finding in *Elliott v. Brown,* No. 20-cv-00964-RBJ, ECF No. 25 at 20, n. 2 (D. Colo. May 4, 2020), *appeal dismissed,* No. 20-1175 (10th Cir. Aug. 10, 2020). Contrary to the petitioner's arguments in *Elliott,* just like his arguments in this case, "*Salerno* addressed, and rejected, a due process challenge to a portion of the Bail Reform Act of 1984 . . . which applies to pretrial detainees in federal criminal prosecutions . . . ." [ECF 30, p. 11]

Mr. Glad objects to the holding of the Magistrate Judge citing a litany of courts which apply the general rule of substantive due process from *Salerno* to cases involving state criminal proceedings and parlays that into his opinion that the Magistrate Judge erred in his determination that *Salerno* "applies [only] to pretrial detainees in federal criminal prosecutions." ECF 31, p.2. However, the Magistrate Judge's ruling was far more narrowly tailored in that it pertained to only a portion of the Bail Reform Act.

In *Elliott*, Judge Jackson's holding, with which the Magistrate Judge agreed, specifically referenced that part of the Bail Reform Act requiring a finding of "clear and convincing evidence" on the record. *Elliott v. Brown*, 2020 WL 2112363 at \*10, n. 2. Judge Jackson went on to find:

> Requiring proof by clear and convincing evidence in order to set an "unattainable bond" based on flight risk in a Colorado criminal prosecution would expand Colorado law beyond what even the Bond Reform Act requires. Notably, the evidence that Mr. Elliott had eight previous failures to appeal [*sic*] in cases where he faced far lesser sentences, and that the Pretrial Report graded him as a

> "high risk" would seem to support a finding that he is a flight risk under either standard of proof.

*Elliott*, 2020 WL 2112363 at *10, n.2. Unlike *Elliott* in which Judge Jackson found that the only evidence presented by either party was what the court could take judicial notice of (i.e. the Pretrial report, Mr. Elliott's criminal history and the charges that were filed); Magistrate Judge Gallagher set forth a significant portion of the bond modification hearing afforded to Mr. Glad in which the bond court went over, piece by piece, the reasons for continuing Mr. Glad's pretrial detention:

> It is truly impossible for me to imagine many cases that would exceed the public safety concerns that are presented by this particular case, and I think this is exactly the kind of case that the Chief Justice Coats is talking about with respect to bond arguments. I also, again, just reject the argument that either someone should have a no bond hold or be released on a bond that they can afford. That is not what our legislation has set out to accomplish and it's not for me to test that legislation or to disagree with the legislation. It is what it is. I am Ordered to follow the law. [ECF 30, p.14.]

> \*           \*           \*

> *I also have considered each and every statutory guideline that's set forth in the bond statutes.* For the reasons that I set forth before, there are numerous statutory guidelines that Ms. Chadderdon has described as a matrix that I have considered, which generally, almost all point in the direction of a higher bond, but the one major concern here, and the prevailing concern, particularly given Chief Justice Coats' directions to our Courts is public safety. It is almost impossible, again, for me to imagine a more elevated public safety risk than the case that is presented here, completely understanding that the defendant is presumed innocent and that these are mere allegations. The public safety risk is extremely elevated and so, I do think a highly elevated bond is appropriate in this case and I'm going to deny the Motion to modify the bond. [ECF 30, p. 17.]

Magistrate Judge Gallagher went on to find: "[b]ased on the transcript of the bond hearing, sufficient evidence was presented and considered by the bond court to support its decision." *Id.*

According to Mr. Glad the post-*Salerno* courts "have concluded that the Constitution requires the following safeguards before unaffordable money bail be set: (1) an adversarial

hearing, (2) where findings are made by clear and convincing evidence, (3) with an explanation on the record of why less restrictive alternative conditions will suffice, and (4) that the individual has counsel at the hearing." ECF 31, p. 4. Mr. Glad cites to cases from the Fifth Circuit, Sixth Circuit, Ninth Circuit and the U.S. Supreme Court in support of his claim that courts must apply the four elements he lists in every pretrial detention case where a bond is set. However, it must be noted that none of the cases cited by Mr. Glad actually contain the four elements Mr. Glad proposes. Instead, the cited Circuit Court and State Court cases address one or two of the listed elements and the two Supreme Court cases merely establish the clear and convincing evidence requirement in cases outside the realm of pretrial detention (i.e. *Turner* address confinement for non-payment of child support and *Addington* addresses the commitment of mentally ill persons). Conspicuously absent is any case from the Tenth Circuit or the U.S. Supreme Court requiring the four elements proposed by Mr. Glad in a state criminal pretrial detention case. Neither is there any Colorado state case requiring the four elements proposed by Mr. Glad.

Instead, Colorado's statutes related to the setting of bail require:

> (3)(a)  The type of bond and conditions of release *shall be sufficient to reasonably ensure the appearance of the person as required and to protect the safety of any person or the community*, taking into consideration the individual characteristics of each person in custody, including the person's financial condition.
>
> \*          \*          \*
>
>  (4)  When the type of bond and conditions of release are determined by the court, the court shall:
>
> (a) Presume that all persons in custody are eligible for release on bond *with the appropriate and least-restrictive conditions* consistent with provisions in paragraph (a) of subsection (3) of this section …. A monetary condition of release must be reasonable, and any other condition of conduct not mandated by statute must be tailored to address a specific concern.

Colo. Rev. Stat. Ann. §16-4-103 (*Emphasis* added).

Nothing in the Colorado statute mandates findings by clear and convincing evidence prior to setting an "unattainable bond"[1] or the requirement that the less restrictive alternative conditions determination, also by clear and convincing evidence (as suggested by Mr. Glad), must be made on the record.

*Salerno* establishes that "when the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, we believe that, consistent with the Due Process Clause, a court may disable the arrestee from executing that threat." *Salerno*, 481 U.S. at 751. Colorado's statute establishing the procedures for setting pretrial bail mandates the consideration of the same factor; that "an arrestee presents an identified and articulable threat to an individual or the community." C.R.S. 16-4-103(3)(a) ("The type of bond and conditions of release shall be sufficient to reasonably ensure the appearance of the person as required *and to protect the safety of any person or the community*, taking into consideration the individual characteristics of each person in custody, including the person's financial condition." (*Emphasis* added)). Unlike the Bail Reform Act (18 U.S.C. § 3141(f)), Colorado's statutes do not specifically require the clear and convincing evidence standard.

As determined by the *Elliott* court and upheld by Magistrate Judge Gallagher, the additional procedural safeguards set forth in *Salerno* were tailored to meet the requirements of the Bail Reform Act. *See Salerno*, 481 U.S. at 751 ("we may dispose briefly of respondents' facial challenge to the procedures of the Bail Reform Act. To sustain them against such a challenge, we need only find them 'adequate to authorize the pretrial detention of at least some [persons] charged with crimes,' … Under the Bail Reform Act, the procedures by which a judicial officer evaluates

---

[1] *See Elliott*, 2020 WL 2112363 at *10, n. 2 ("Requiring proof by clear and convincing evidence in order to set an 'unattainable bond' based on flight risk in a Colorado criminal prosecution would expand Colorado law beyond what even the Bond Reform Act requires.").

the likelihood of future dangerousness are specifically designed to further the accuracy of that determination."). *Salerno* further held that: "[t]he judicial officer charged with the responsibility of determining the appropriateness of detention is guided by statutorily enumerated factors, which include the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community." *Salerno*, 481 U.S. at 751-52. Mr. Glad's attempt to force the Colorado judicial officer considering bail for an offender of Colorado's criminal statutes to abide by the procedural safeguards set forth in the Bail Reform Act and *Salerno*[2] cannot stand as the Bail Reform Act "applies to pretrial detainees in federal criminal prosecutions." ECF 30, p. 11.

The application of the procedural safeguards set forth in *Salerno* and the Bail Reform Act to state cases in other jurisdictions has no precedential effect on the bond court judge or on this Court's determination of whether the bond court sufficiently protected Mr. Glad's due process rights under, and the Equal Protection Clause of, the Fourteenth Amendment of the U.S. Constitution. Magistrate Judge Gallagher, reviewed the transcript from the bond modification hearing and determined that the bond court had:

> [C]onsidered in great detail Petitioner's criminal history, the basis for the charges in his pending trial, how long he has lived in Colorado Springs, and the fact that his family lives in Utah. *See* ECF No. 1-4 at 7-8. The court also heard argument from defense counsel that the presumption in Colorado is for release and that a $25,000 bond with ankle monitoring and the conditions, if necessary, that he stay in his home besides going out for medical things, or groceries, would be the least restrictive means for ensuring public safety.

ECF 30, p. 17. The Magistrate Judge's determination demonstrated that the bond court had considered the factors required by C.R.S. §16-4-103 (as confirmed by the bond court's statement "I also have considered each and every statutory guideline that's set forth in the bond statutes")

which are substantially the same as those set forth in the Bail Reform Act (i.e. "statutorily enumerated factors, which include the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community") and found no violation of Mr. Glad's constitutional rights. Therefore, Mr. Glad's argument that the bond court failed to protect his constitutionally protected due process rights in the bond modification hearing must fail and Magistrate Judge Gallagher's recommendation that the Application be dismissed with prejudice should stand.

      **B.    The Magistrate Judge's Findings that Mr. Glad Received a Constitutionally Compliant Bon Hearing is Supported by the Evidence.**

Mr. Glad again bases his argument that he did not receive a constitutionally compliant bond modification hearing on his misapplication of the Bail Reform Act's procedural requirements; that the bond court must make findings on the record as to why less restrictive alternatives to detention were insufficient and that the bond court explain how it applied the clear and convincing evidence standard to her findings; to the proceedings in a Colorado state court for modification of Mr. Glad's bond. For the reasons previously delineated, Mr. Glad's assertion that his bond hearing was constitutionally insufficient must fail.

### III.    CONCLUSION

For the foregoing reason, Respondents Sheriff Elder and the District Attorney for Colorado's Fourth Judicial District, support the recommendation of Magistrate Judge Gallaher that Mr. Glad's Application for Writ of *Habeas Corpus* be dismissed with prejudice.

Respectfully submitted this 6th day of April, 2021.

                            **El Paso County Attorney's Office**

                            By: *s/ Bryan E. Schmid*
                            Bryan E. Schmid, Colo. Bar #41873
                            Senior Assistant County Attorney
                            Centennial Hall

200 S. Cascade Avenue
Colorado Springs, CO 80903
Office: (719) 520-7032
Cell: (719) 258-0375
E-mail: bryanschmid@elpasoco.com

**Attorney for Respondents El Paso County Sheriff Bill Elder and the District Attorney for the Fourth Judicial District**

**Certificate of Service**

This is to certify that on the 6th day of April 2021, I electronically filed the foregoing **JOINT OPPOSITION OF SHERIFF BILL ELDER AND THE 4TH JUDICIAL DISTRICT ATTORNEY'S OFFICE IN OPPOSITION TO PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Adam Mueller
David Kaplan
Haddon, Morgan and Foreman, P.C.
amueller@hmflaw.com
dkaplan@hmflaw.com

Alec Karakatsanis
Olevia Boykin
Alexandria Twinem
Civil Rights Corps
alec@civilrightscorps.org
olevia@civilrightscorps.org
alexandria@civilrightscorps.org.

*s/ Bryan E. Schmid*
Bryan E. Schmid
El Paso County Attorney's Office