IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02585-LTB-GPG

KENNETH GLAD,

    Petitioner,

v.

BILL ELDER, In his Official Capacity as El Paso County Sheriff, and
DISTRICT ATTORNEY FOR THE FOURTH JUDICIAL DISTRICT,

    Respondents.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge, ECF No 30, entered on March 9, 2021.  Petitioner filed a timely written Objection, ECF No. 31, to the Recommendation on March 23, 2021.  Also, Petitioner submitted a Notice of Supplemental Authority, ECF No. 32, Respondents filed a Joint Opposition to Petitioner's Objection to Report and Recommendation, ECF No. 33, and Petitioner filed a Reply in Support of his Objections, ECF No. 34, all of which are untimely.

    Based on Petitioner's timely Objection, ECF No. 31, the Court has reviewed the Recommendation *de novo* in light of the file and record in this case and concludes the Recommendation is correct.

    Petitioner objects to the Court's final determination that the action is subject to dismissal based on a lack of irreparable harm.  Petitioner maintains that the Recommendation provides a "well-reasoned analysis on the issue of *Younger*

1

abstention and believes it is quite clear that the Magistrate Judge found *Younger* abstention inapplicable to the current case." ECF No. 31 at 10.  Petitioner, relying on case law not controlling in the Tenth Circuit, further argues that *Salerno* has a broader application than to only federal pretrial detainees.  Petitioner also argues that the Recommendation incorrectly finds Petitioner received a sufficient bond hearing.

The Recommendation states that "[a]n extension of *Winn* to Petitioner's case is not unreasonable and finality of the bail/bond issue in state court is conceivable, which would result in abstention being improper." ECF No. 30 at 8.  Nonetheless, the Recommendation proceeds to analyze the bail/bond issue with respect to an irreparable harm exception, as is applicable when the *Younger* requirements are deemed as being met.  The Recommendation agrees with a notation in *Elliott v. Brown,* No. 20-cv-00964-RBJ, ECF No. 25 at 20, n.2 (D. Colo. May 4, 2020), *appeal dismissed,* No. 20-1175 (10th Cir. Aug. 10, 2020), that reliance on *United States v. Salerno*, 481 U.S. 739 (1987), is misplaced because the Bail Reform Act of 1984 was at issue in *Salerno*, which applies to pretrial detainees in federal criminal prosecutions.

The Recommendation also addresses Petitioner's bail/bond issues on the merits by finding that he fails to assert (1) what explicitly is required of a state bond court to set forth clear and convincing evidence; (2) how the bond court failed to meet the standard; and (3) why the result was a violation of his Fourteenth Amendment rights.  Finally, the Recommendation determines that Petitioner failed to assert how Colo Rev. Stats. §§ 16-4-103 and 105 are violations of his due process and equal protection rights.

Based on the following, this Court will accept and adopt the Recommendation. Petitioner concedes that he "agrees with all of the Magistrate Judge's well-reasoned

analysis on the issue of *Younger*." ECF No. 31 at 10.  Petitioner, nonetheless, only relies on a portion of the Magistrate Judge's analysis to support his argument that the analysis finds abstention is inapplicable in this case.  Petitioner fails to acknowledge that the Recommendation finds only that "[a]n extension of *Winn* to Petitioner's case is not unreasonable and finality of the bail/bond issue is conceivable, which would result in abstention being improper." ECF No. 30 at 8.  *Winn*, therefore, may suggest a bond/bail issue is not collateral to the state prosecution, but neither *Winn* (addressing speedy trial delay), nor *Walck* (addressing double jeopardy), provide sufficient basis for this Court to succinctly find a *Younger* abstention is inapplicable in a state bond/bail proceeding.

It follows, as was set forth in the Recommendation, that an irreparable harm exception analysis is appropriate when there is an insufficient basis for finding *Younger* abstention is inapplicable.  Finding no such harm, the 28 U.S.C. § 2241 Application is subject to dismissal.

Accordingly, for the foregoing reasons, it is

ORDERED that the Recommendation of the United States Magistrate Judge, ECF No. 30, is accepted and adopted.  It is

FURTHER ORDERED that the 28 U.S.C. § 2241 Application is denied, and the action dismissed, because there is an insufficient basis for this Court to find *Younger v. Harris,* 401 U.S. 37 (1971), abstention is inapplicable in state bond/bail proceedings and an irreparable harm exception exists.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Petitioner has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

        DATED at Denver, Colorado, this   24th   day of    August    , 2021.

                                         BY THE COURT:

                                           s/Lewis T. Babcock
                                         LEWIS T. BABCOCK, Senior Judge
                                         United States District Court